UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60149-CR-COHN/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RICKY JACKSON,

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

**THIS CAUSE** came before the Court on the Defendant's Motion to Suppress and Request for Evidentiary Hearing [DE 27], the Report and Recommendation of United States Magistrate Judge Lurana S. Snow [DE 37], the Defendant's Objections [DE 38], and the Government's Response [DE 40]. After conducting a *de novo* review of the transcript of the evidentiary hearing held by Judge Snow on August 30, 2007, and being fully advised in the premises thereof, this Court finds as follows:

    1. All credibility findings by Judge Snow are hereby adopted.

    2. All legal conclusions of Judge Snow are also adopted.

    3. This Court finds as did Judge Snow that on April 3, 2007, Officer Burk responded to a 911 call about shots being fired. The questions initially posed by Officer Burk and the Defendant's responses fall within the "public safety" exception to the Miranda requirements as set for in New York v. Quarles, 467 U.S. 649 (1984).

    4. This Court further finds that all statements uttered by the Defendant after he was handcuffed on April 3, 2007, were made after the advisement of his Miranda rights.

     5. The sweep of the Defendant's residence was made after the Defendant voluntarily agreed to a search for injured people. The firearm in question was discovered in plain view and thereafter seized.

     6. The June 1, 2007 statements to Agent Devito were not taken in violation of the Sixth Amendment right to counsel as the appointment of counsel in the state proceeding was specific to the state case and could not be invoked for all future prosecutions. The State Public Defender could only represent the Defendant in the pending state case. The Defendant's right to counsel had only attached in the state case. In addition the Defendant initiated the conversation with Agent Devito.

     7. On June 21, 2007, the Defendant was read his <u>Miranda</u> rights, but was not asked if he had a lawyer. The appointed State Public Defender was still representing the Defendant in the state case. Since the Defendant did not have a lawyer with respect to the federal investigation (the case on which he had been arrested), there was no Sixth Amendment violation by Agent Devito. The Defendant waived his <u>Miranda</u> rights and gave a voluntary statement and voluntarily signed a written consent to search his home.

     Accordingly, it is

     **ORDERED AND ADJUDGED** that the entire Report and Recommendation of United States Magistrate Judge Lurana S. Snow dated September 4, 2007, is hereby adopted and all objections thereto are hereby overruled. The Defendant's Motion to Suppress [DE 27] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of September, 2007.

JAMES I. COHN
United States District Judge

Copies to:
All counsel of record on CM/ECF